UNITED ADVERTISING CORPORATION, A CORPORATION OF NEW JERSEY, PLAINTIFF, v. BOROUGH OF RARITAN, A MUNICIPAL CORPORATION OF NEW JERSEY, DEFENDANT.

Superior Court of New Jersey
Law Division

Decided January 26, 1952.

*Messrs. Lum, Fairlie & Foster (Mr. Raymond Del Tufo, Jr.,* appearing), attorney for the plaintiff.

*Mr. George W. Allgair,* attorney for the defendant.

*Mr. Arthur J. Sullivan, Jr.,* of the New Jersey Bar, and *Mr. Albert S. Bard,* of the New York and Connecticut Bars, *amici curiae.*

DANIEL J. BRENNAN, J. S. C.  This is a proceeding in lieu of prerogative writ.

The plaintiff is the holder of outdoor advertising permits issued pursuant to state authority, and attacks an ordinance of the defendant entitled, "An Ordinance to limit and restrict to specified districts and to regulate therein, buildings and structures according to their construction and the nature and extent of their use, and the nature and extent of the uses of land, and population density in the Borough of Raritan, Somerset County, New Jersey," which was adopted by the defendant August 20, 1951.  The attack is grounded upon the allegations contained in the complaint, among others one in sub-paragraph (g) of paragraph 7, of the following tenor:

"Because the authority to regulate and license outdoor advertising by the maintenance of billboards or other similar structures is vested solely and exclusively in the appropriate department of the State of New Jersey by reason of the provisions of *R. S.* 54:40–1, *et seq.,* and not in the defendant municipality."

The court addresses itself to this specific ground for the basis of its ultimate conclusions in this cause.

Learned counsel for the defendant states as indicative of the right of the defendant municipality to take jurisdiction over the construction of billboards within the municipality the authority of *R. S.* 54:40–10 and cites what he contends is the pertinent section, as follows:

"* * * nor shall any such permit be issued to erect or maintain any such billboard or other structure in a place where it is or shall be prohibited by municipal ordinance."

The weakness in that contention of the defendant is that the statute to which reference is heretofore made was repealed by chapter 168 of the Laws of 1942 (*R. S.* 54:40–20 to *R. S.*

54:40–49.). The specific language of the repealing clause is significant. It follows:

"Chapter forty of Title 54 of the Revised Statutes and all other acts and parts of acts inconsistent with this act are hereby repealed, but any penalties accrued under said repealed acts may be proceeded upon as if said acts had not been repealed."

In *Tucker v. Beltramo,* 117 *N. J. L.* 72 (*Sup. Ct.* 1936), at the bottom of *page* 77, there was the following observation by Mr. Justice Heher: "A change in the language of a statute, especially after it has had a settled judicial construction, ordinarily implies a purposeful alteration in substance." Affirmed *per curiam* 118 *N. J. L.* 301 (*E. & A.* 1937). If "A change in the language of a statute" implies a purposeful alteration, so much the more does an actual repealer which saves only such causes of action as were existent under antecedent legislation then pending.

Counsel for the defendant, as well as those associated *amici curiae,* cite a long list of cases which they believe may be apposite, and so they are for the principles therein invoked. The court sees no point to a restatement of such, in the light of its belief that the repealing statute abolished the right of a municipality to legislate on the subject of billboards.

For the reasons herein indicated there will be a judgment in favor of the plaintiff and against the defendant, without costs. Submit order accordingly.